United States District Court
Northern District of Indiana
Hammond Division

JOSEPH A. ADAMS,

    Plaintiff,

v.

UNITED STEEL WORKERS
LOCAL 12775,

    Defendant.

Civil Action No. 2:11–CV–304 JVB

## OPINION AND ORDER

Plaintiff Joseph Adams is a former NIPSCO employee. In a separate case (Cause No. 2:10-CV-469 JVB), he sued NIPSCO for breach of the collective bargaining agreement that NIPSCO had with United Steel Workers Local 12775, the Defendant in this case. In that case, the Court granted NIPSCO's motion to dismiss Plaintiff's breach of contract claim as untimely.

Meanwhile, Plaintiff also sued Defendant United Steel Workers Local 12775 for breach of duty of fair representation. On September 27, 2012, Defendant moved to dismiss Plaintiffs case but the Court denied the motion as moot because Plaintiff was given leave to amend his Complaint. Defendant now renews its motion to dismiss, arguing that Plaintiff cannot prevail in this case because he was unable to prevail against NIPSCO: the claims are interlocked and if one

1

fails, the other must fail as well.[1] The Court agrees and will grant Defendant's motion to dismiss.

A. Statement of Facts

Plaintiff began his employment at NIPSCO in April 1991, and has been a member of Defendant Local 12775 since that time. (Pl.'s Am. Compl. 2.) On June 14, 2005, Plaintiff sustained an on the job injury to his right shoulder while working on a gas leak. (*Id.*) Plaintiff remained under the care of NIPSCO's Occupational Physician and received physical therapy for about four months following the injury. (*Id.*) During those four months, Plaintiff remained in his department on light duty with a restriction not to lift more than fifteen pounds. (*Id.*) At this time, Plaintiff used a sledgehammer, shovel, or concrete saw rather than a jackhammer to perform his duties. (*Id.*)

Around October 2006, Dr. Joseph F. Schwartz diagnosed Plaintiff with a torn labrum of the right shoulder, and Plaintiff underwent an arthroscopy.[2] (*Id.* at 3.) Thereafter, Plaintiff was released to return to light duty work with the physician's instruction not to use a sledgehammer. (*Id.*) Plaintiff believes Dr. Schwartz mistakenly referred to "sledgehammer" when he meant a jackhammer. (*Id.*)

Plaintiff remained in his department on light duty with the restriction of not using a jackhammer from October 10, 2005, through February 2006, and continued to receive physical therapy for his right shoulder. (*Id.* at 3–4.) Plaintiff claims that while he worked overtime, NIPSCO did not pay him overtime wages. (*Id.* at 4.) Plaintiff further alleges that in February 2006, his Lead Supervisor came to the worksite to discuss Plaintiff's objection to not being paid

---

[1] Plaintiff's motion is actually labeled as a "motion to reconsider," but the Court construes it as a motion to dismiss as there is nothing that needs to be reconsidered regarding the Court's order to deny the original motion as moot.
[2] From the given time frame, Plaintiff's Amended Complaint suggests that Dr. Schwartz actually treated Plaintiff in January 2006.

2

overtime. (*Id.*) Plaintiff claims he requested union representation at this time but that it was refused. (*Id.*) Plaintiff's Lead Supervisor returned that month; this time, Plaintiff had union representation. (*Id.*)

On April 19, 2006, Plaintiff filed a grievance with Defendant, alleging that he was unjustly relieved from his duties though he had not lost his ability to do his normal job and work overtime. (*Id.* at 6.) About a week later, the Lead Supervisor denied the grievance, citing Article X, section 7, page 53 and Job Description 626. (*Id.*) Step 2 of the grievance was requested on May 2, 2006. (*Id.* at 7.) Plaintiff claims that the Lead Supervisor notified Plaintiff that he was to report to the Relocation Center on May 3, 2006, and that his supervisors would address his grievance a few days later. (*Id.*) Plaintiff further claims that the Lead Supervisor did not schedule the arbitration hearing before Plaintiff reported to the Relocation Center for reassignment. (*Id.*)

After reassignment to the Gas Street where Plaintiff serviced gas lines, the Lead Supervisor notified Plaintiff that jackhammers were used in the department. (*Id.* at 8.) Plaintiff was again sent to the Relocation Center and assigned to meter reading. (*Id.*) Plaintiff maintained his rate of pay from his previous department but lost mandatory weekend stand by, overtime in Gas Street, and potential for raises. (*Id.* at 9.) Plaintiff claims he called the union hall every two to three months inquiring about the Step Two arbitration. (*Id.*) Each time, Plaintiff was told the arbitration was being scheduled. (*Id.*) Exchanges similar to this occurred for about three years. Plaintiff claims Defendant never informed him of the resolution of his grievance. (*Id.* at 10.)

## B. Discussion

### (1) Standard for Evaluating a Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss a counterclaim, a court must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007). The factual allegations of the pleading must be enough to raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face. *Id.* The Court of Appeals for the Seventh Circuit, reading *Bell Atlantic* and *Erickson v. Pardus*, 127 S.Ct. 2197 (2007)[1] together, has said "we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT &T Mobility LLC*, 499 F.3d 663, 667 (7th Cir 2007).

---

[1] *Erickson* was decided two weeks after *Bell Atlantic*.

4

## (2) *Analysis*

In a separate case, Plaintiff sued NIPSCO for breach of its collective bargaining agreement with the Defendant in this case. In that case, this Court determined that Plaintiff failed to sue within the six-month time limit and dismissed the lawsuit. Defendant argues that, having lost his claim against NIPSCO, Plaintiff must automatically lose on his breach of duty of fair representation claim. Defendant is correct and Plaintiff's argument to the contrary is unconvincing.

Plaintiff's suit against Defendant is a hybrid § 301/fair representation claim. It amounts "to 'a direct challenge to "the private settlement of disputes under [the collective-bargaining agreement].""" *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 165, (1983) (citing *United Parcel Serv. V. Mitchell*, 451 U.S. 56, 66 (Stewart, J., concurring in the judgment)). "Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union. The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both. *Id.* at 164—65 (citations omitted and quotation marks omitted). Having failed in his claim against NIPSCO, Plaintiff automatically fails his claim against Defendant, the union that contracted with NIPSCO.

But regardless of Plaintiff's suit against NIPSCO, his claims against Defendant are also barred by the six-month statute of limitations. Section 10(b) of the National Labor Relations Act applies to an unfair labor practice claim against an employer or against a labor union. *See* 29 U.S.C. § 160(b) (2012) ("[N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge."); *see also DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 155 (U.S. 1983) (finding that "§ 10(b) should be the applicable statute of limitations governing the suit, both against the employer and against the union"). The six-month period begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999) (alterations omitted) (quoting *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 304 (7th Cir. 1983)). Accepting Plaintiff's claim as viable with regard to that six-month limit would mean inferring that, even after more than three years and roughly fifteen exchanges with Defendant where it told Plaintiff that his arbitration was still "being scheduled," Plaintiff failed to realize something was wrong. This is an unreasonable inference.

### (3) Conclusion

For these reasons, the Court grants Defendant's motion to dismiss Plaintiff's suit.

SO ORDERED on January 14, 2013.

            s/ Joseph S. Van Bokkelen
            JOSEPH S. VAN BOKKELEN
            UNITED STATES DISTRICT JUDGE